UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DENIS C. GRIFFITH,

                 Plaintiff,

v.

AMERICAN EXPRESS,

                 Defendant.

Case No.: 07 CV 295

NOTICE OF REMOVAL



        **DEFENDANT** AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., i/s/h/a "AMERICAN EXPRESS," (hereinafter, "AmEx"), by and through its attorney in this action, William H. Grae of the law firm Goldberg & Associates, respectfully shows this Court as follows:

        1.       The undersigned is an attorney admitted to practice and in good standing before the courts of the State of New York and this honorable court, who is associated with the law firm Goldberg & Associates, attorneys for defendants in this action.

## PROCEDURAL HISTORY

        2.       Upon information and belief, plaintiff commenced the instant action in Civil Court of the City of New York, Small Claims Part, by filing a complaint on or about December 11, 2006. Based upon the undersigned's review of the Court file, and upon information and belief, the summons and complaint was mailed by the Court to defendant AmEx on December 15, 2006, and was actually received on January 3, 2007. A true copy of pleadings received by AmEx is annexed hereto as Exhibit "A".

        3.       A first appearance, ostensibly for beginning of trial in Small Claims Court, Manhattan Branch, is presently scheduled to occur to begin on January 17, 2007. No proceedings have been or can be undertaken in the interim.



## NATURE OF ACTION

4. Plaintiff seeks recovery of Five Thousand Dollars ($5,000.00). In his Statement of Claim, plaintiff described the "reason" for his claim as follows:

> THE NEGLIGENCE OF THE DEFENDANT and FCRA/FDCA violations, severe negligence, attempt to defraud, Account 3794 1888 276 2005.

5. Upon information and belief, the account number referenced in plaintiff's complaint was for an American Express corporate card issued to plaintiff by his erstwhile employer, Foot, Cone & Belding, ("FCB"), an advertising agency. Upon further information and belief, the account in question was audited or otherwise reviewed by FCB, and plaintiff's employment was thereafter terminated based *inter alia* upon FCB's conclusion that plaintiff had attempted to pass off thousands of dollars of personal purchases as business expenses.

6. Upon information and belief, plaintiff thereafter contacted AmEx to demand that AmEx adjust the balance and/or otherwise forestall collection and processing of the arrears while he attempted to negotiate a more favorable resolution with his erstwhile employer. Plaintiff also claimed that AmEx's conduct violated his rights under the Fair Credit Reporting Act and/or Fair Debt Collection Practices Act. The instant action was thereafter commenced.

## THE PARTIES

7. AmEx is a New York Corporation that has a principal place of business located in New York, New York. Upon information and belief, plaintiff is a domiciliary of New York.

## BASIS FOR REMOVAL

8. On its face, plaintiffs' Complaint asserts liability claims based on a federal question, specifically the Fair Credit Reporting Act, ("FCRA"), and Fair Debt Collections Practices Act, ("FDCA"). This Court therefore is vested with subject-matter jurisdiction of this action pursuant to 28 U.S.C. § 1331, and this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

9. It is well established that where a plaintiff seeks to recover damages based on an alleged violation of FCRA, Section 1681(p) vests a federal court with original federal-question subject-matter jurisdiction without regard to the amount in controversy.. *E.g., Myers v. Bennet Law Offices*, 238 F.3d 1068 (9th Cir. 2000); *Lockard v. Equifax, Inc.*, 163 F.3d 1259 (5th Cir. 1998). Section 1441(b) of Tile 28 further clarifies that this jurisdiction may be exercised "without regard to the citizenship or residence of the parties."

10. Thus, a plaintiff's right to commence an FCRA action in state court is "subject to the right of the defendant to remove the action to federal court." *Broom v. TRW Credit Data*, 732 F. Supp. 66, 69 (E.D. Mich. 1990). *See also Bradford v. Olympic Courier Sys. Inc.,* 1997 U.S. Dis. Lexus 13978 (E.D.N.Y. 1997) ("When a plaintiff chooses a state forum, yet also elects to press federal claims, he runs the risk of removal. A federal forum for federal claims is certainly a defendant's right."). Although plaintiffs' complaint also asserts causes of action based on state law, Congress has expressly expanded this Court's jurisdiction to adjudicate such claims pursuant to 28 U.S.C. §1367, insofar as these claims are "part of the same case or controversy ... as [the] claim over which [the] federal court has original jurisdiction pursuant to 28 U.S.C. §1331 ...." *Gmitter v. Empire Blue Cross Blue Shield,* 1994 U.S. Dist. Lexus 14640 (S.D.N.Y. 1994). *See also McGilvary v. Hallmark Fin. Group, Inc.*, 891 F. Supp. 265, 267 (E.D. VA

1995) (finding plaintiff's argument that the case should be remanded to state court because state law issues predominate, unpersuasive).

11. This Notice is timely pursuant to 28 U.S.C. § 1446(b), insofar as it is being filed with the within Court less than thirty (30) days after defendants actually received and/or were served with copies of plaintiff's initial pleadings. *See, e.g., Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (time for defendant to seek removal begins to run from date served with initial pleadings that would facilitate exercise of jurisdiction by court, or actual receipt of said pleadings, whichever is later); *Rowland v. Gift Certificates.com, Inc.*, 195 F.Supp.2d 509 (S.D.N.Y. 2002) (removal period begins to run upon actual receipt of legally effective service of process or actual subsequent receipt of pleadings).

WHEREFORE, defendant AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., i/s/h/a "American Express" respectfully request that the above-captioned action, presently assigned Civil Court of the City of New York, Manhattan Small Claims Court Index Number 16558-SCNY-2006 be removed from said court, that the Clerk of said State Court be directed to transfer and furnish the complete file maintained by said State Court to the within Court, and that the Court grant such other, further and different relief as the Court deems just and proper.

Dated: New York, NY
January 11, 2007

GOLDBERG & ASSOCIATES
By: _____
William H. Grae, Esq. (WG 8689)

# CIVIL COURT OF THE CITY OF NEW YORK - MANHATTAN
## SMALL CLAIMS PART - STATEMENT OF CLAIM
111 Centre Street, New York, New York 10013

**(FOR OFFICE USE ONLY)**

Today's Date: 12-11-2006
Index No.:
**16558 SCNY 2006**
FEE: $20.00 Paid
Griffith
vs.
American Express
Your Case is Scheduled for:
**Wednesday Jan 17, 2007**

CERT'D #

| COA CODE | NEGLX |
|---|---|
| CLAIM AMT $ | 5,000.00 |
| FEE | |

STANDARD FEE PLUS POSTAGE
☐ CLAIMANT V. DEFENDANT
☐ DEFENDANT V. THIRD PARTY

NO FEE: POSTAGE ONLY
☐ CLAIMANT V. ADD'L DEFENDANT
☐ WAGE CLAIM TO $300

LANGUAGE
DATE DATA ENTERED
DATE NOTICES MAILED

CASE TYPE
MULTI DFT ☐   CTR/CLM ☐
3 PARTY ☐     CRS/CMPLT ☐

FIRST DATE

DAY COURT
☐ STATUTORY   ☐ OTHER

CIV SC-50 (revised 9/0)

**INSTRUCTIONS:** Place only ONE letter or number in each space and leave a blank space between words.

## I. CLAIMANT'S INFORMATION (Your)

LAST NAME: Griffith
FIRST NAME: Denis
MIDDLE INITIAL: C
ADDRESS (NO PO BOX): 459 Columbus Ave #136
CITY (Borough/Town/Village): New York  STATE: NY  ZIP: 10024
OTHER INFO:
PHONE NUMBER: (646) 643-9572

## II. DEFENDANT'S INFORMATION* (Their)

LAST NAME OR FULL NAME OF BUSINESS: American Express
FIRST NAME:
MIDDLE INITIAL:
ADDRESS (NO PO BOX): 200 Vesey Street
CITY (Borough/Town/Village): New York  STATE: NY  ZIP: 10285
OTHER INFO Attention To: Louise Parent
PHONE NUMBER: (212) 640-2000

## III. CLAIM

Amount Claimed: $ 5,000.00 (Maximum $5,000)

**PRIMARY REASON FOR CLAIM (Check One):**

Damage caused to: ☐ automobile   ☐ other personal property   ☐ real property   ☐ person
Failure to provide: ☐ proper repairs   ☐ proper services   ☐ proper merchandise   ☐ goods paid for
Failure to return: ☐ security   ☐ property   ☐ deposit   ☐ money loaned
Failure to pay: ☐ salary   ☐ for services rendered   ☐ insurance claim
☐ rent   ☐ commissions   ☐ for goods sold and delivered
Breach of: ☐ contract   ☐ lease   ☐ warranty   ☐ agreement
Loss of: ☐ luggage   ☐ property   ☐ time from work   ☐ use of property
Returned: ☐ check (bounced)   ☐ check (stopped)

Date of Occurrence or Transaction: 10/12/2006
Place of occurrence, IF Auto Accident:

OTHER REASON: Be brief. Also, if needed, place IDENTIFYING NUMBER(S) here; Receipt #, Claim #, Account #, Policy #, Ticket #, License #, Plate #(s):
THE NEGLIGENCE OF THE DEFENDANT and FCRA/FDCA violations, severe negligence, attempt to defraud,

Account 3794 1888 276 2005

12/11/2006                      Denis Griffith
Today's Date                    Signature of ☒ Claimant or ☐ Agent

*DEFENDANT'S NAME: The legal name will be required in order to obtain an enforceable judgment. If the Defendant is a business, its full and correct business name should be obtained from the Office of the County Clerk in the county in which the business is located or check on the following website: www.dos.state.ny.us DEFENDANT'S ADDRESS: You must indicate the proper street address of the Defendant. A Post Office Box is not acceptable.
NOTE: If the Claim is a result of an automobile accident, the Claim must be OWNER against OWNER.

http://turbocourt.com/