UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DENIS C. GRIFFITH,

                    Plaintiff,

          v.

AMERICAN EXPRESS,

                    Defendant.

Case No.: 07cv295 (LBS)(DCF)

**ANSWER WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

**DEFENDANT** AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., i/s/h/a "American Express"(hereinafter, "AmEx"), by and through its attorney in this action, William H. Grae of the law firm Goldberg & Associates, as and for its Answer to plaintiff's Complaint, alleges and responds as follows:

AmEx denies all allegations of liability set forth in plaintiff's Complaint and respectfully refers all questions of law to the within Court for resolution.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

1.    Notwithstanding the within Court's subject-matter jurisdiction to adjudicate the instant matter, plaintiff, by commencing the instant action in the Small Claim section of the Small Claims Section of the Special Civil Part of the Superior Court of the State of New Jersey, affirmatively waived his right to recover more than Five Thousand Dollars ($5,000.00), inclusive of costs, attorneys fees, and expenses.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

2.    Plaintiff's Complaint fails to state a legally cognizable claim upon which relief can be granted.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

3.Plaintiff has failed to plead his cause(s) of action with sufficient particularity to provide adequate notice to this answering defendant or the within Court of the basis of plaintiff's claims, the validity of which are expressly denied, and plaintiff's claims negligence, violation of FCRA, violation of "FDCA", "severe negligence" and "attempt to defraud" therefore must be dismissed as a matter of law.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

4.To the extent that plaintiff seeks recovery herein based on alleged violation of the Fair Credit Reporting Act, such claims are barred as a matter of law based on plaintiff's failure to satisfy statutorily-mandated conditions precedent to suit, namely, failure to ever raise a timely dispute regarding any allegedly improper or erroneous communication by AmEx to any credit-reporting agency, and plaintiff's claim(s) therefore must be dismissed as a matter of law.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

5.This answering defendant did not breach or violate any legal duty owed to plaintiff.

### SIXTH AFFIRMATIVE DEFENSE

6.This answering defendant neither committed nor failed to commit any act which damaged the plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

7.Plaintiff is barred as a matter of law from recovery of compensatory damages for personal injury and/or emotional distress arising out of an alleged breach of agreement, the existence of which breach is expressly denied by AmEx.

**EIGHTH AFFIRMATIVE DEFENSE**

8.  Plaintiff is barred from maintaining this action by application of the Doctrine of Unclean Hands.

**NINTH AFFIRMATIVE DEFENSE**

9.  Plaintiff is barred from maintaining this action by application of the Doctrine of Laches.

**TENTH AFFIRMATIVE DEFENSE**

10. Plaintiff is barred from maintaining this action by application of the Statute of Frauds.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Plaintiff is barred from maintaining this action by application of the Doctrine of Equitable Estoppel.

**TWELFTH AFFIRMATIVE DEFENSE**

12. Plaintiff is barred from maintaining this action by application of the Doctrine of Legal Estoppel.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. Plaintiff is barred from maintaining this action by application of the Doctrine of Waiver.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. Defendant is free of any and all negligence.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. This answering defendant neither committed nor failed to commit any act which damaged the plaintiff.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. This answering defendant did not breach or violate any legal duty owed to plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17. At all times hereinafter mentioned, defendant was and still is a corporation duly organized and validly existing under and by virtue of the laws of the State of New York, with an office and principal place of business located at 200 Vesey Street, in the city, state and county of New York.

18. Prior to December 11, 2006, plaintiff herein applied for an was thereafter issued an American Express Corporate Card assigned an account number ending in the digits 61005, (hereinafter, the "IDG Card").

19. Prior to December 11, 2006, plaintiff herein applied for an was thereafter issued an American Express Corporate Card in connection with his status as an employee, agent, or representative of IDG, located at 2864 Las Alturas St, Los Angeles, CA 90068 with an account number ending in the digits 61005, (hereinafter, "the IDG Card").

20. As part of the process of becoming holder of and subsequently using the IDG Card, plaintiff agreed to be bound by a cardmember agreement with American Express.

21. Pursuant to the terms of that agreement, plaintiff agreed, among other things, to be liable for all charges incurred in connection with his purchase of goods and services and incursion of other charges using the aforesaid American Express Card.

22. Pursuant to the terms of that agreement, plaintiff also agreed among other things that he would be in default under the terms of the agreement with Amex if he did not pay the bills Amex rendered to him on a monthly basis, in the minimum amount, and within the time frame set forth on the billing statement provided by Amex to the plaintiff each month.

23. Pursuant to the cardmember agreement with Amex, plaintiff in fact received monthly statements from Amex reflecting his charges on a monthly basis.

24. Prior to December 11, 2006, plaintiff refused or otherwise failed to remit his monthly Amex charges incurred as a result of his use of the IDG Card and thereby defaulted on his obligations to Amex.

25. The aforesaid IDG Card thereby attained a "past due" status and remains unpaid, due and outstanding to and through the present with an outstanding balance in the amount of Eighteen Thousand Five Hundred Four Dollars and Eighty-Nine Cents ($18,504.89).

26. As a result of the plaintiff's default in failing to pay outstanding charges, plaintiff's aforesaid IDG Card was cancelled by American Express as permitted under the terms and conditions of the applicable Cardmember Agreement.

27. Pursuant to the terms of plaintiff's agreement with Amex, plaintiff agreed that in the event he was in default of his contractual obligations, Amex had the right to declare the entire unpaid obligation owed to Amex immediately due and payable in full. Additionally, pursuant to plaintiff's agreement with Amex, plaintiff agreed to be liable for interest and fees as well as costs and attorney's fees relative to any legal action Amex was forced to initiate in order to collect any unpaid balances.

28. To date, no part of the aforesaid outstanding balance incurred by reason of use of the IDG Card has been paid although same has been duly demanded

29. To the extent that plaintiff recovers any damages against AmEx in the instant action, such recovery must be reduced in the amount of the balance due and outstanding on the IDG Card, together with interest accrued and accruing, together with attorneys fees, costs and expenses.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

30.     Any loss, damage or injuries sustained by plaintiff was occasioned by the acts or omissions of plaintiff and not as a result of any actionable act, omission or negligence by AmEx and/or any party for whose conduct AmEx is responsible.

**AS AND FOR A FIRST COUNTERCLAIM**

31.     Amex repeats and realleges each and every allegation set forth in foregoing paragraphs as if more fully set forth herein.

32.     As alleged above, plaintiff has incurred charges on the aforesaid IDG Card as a result of purchase by plaintiff of good and services with a total outstanding balance in the amount of Eighteen Thousand Five Hundred Four Dollars and Eighty-Nine Cents ($18,504.89).

33.     As a result of the foregoing, plaintiff owes AmEx Eighteen Thousand Five Hundred Four Dollars and Eighty-Nine Cents ($18,504.89), together with interest, and attorneys' fees incurred by AmEx as permitted by the applicable Cardmember Agreement.

34.     As a result of plaintiff's failure to make the payments due and owing to Amex in connection with plaintiff's aforesaid IDG Card account, Amex has been damaged in the amount of Eighteen Thousand Five Hundred Four Dollars and Eighty-Nine Cents ($18,504.89), together with interest.

**AS AND FOR A SECOND COUNTERCLAIM**

35.     Amex repeats and realleges each and every allegation set forth in foregoing paragraphs as if more fully set forth herein.

36.     Prior to December 11, 2006, plaintiff herein applied for an was thereafter issued an American Express Corporate Card assigned an account number ending in the digits 62005, (hereinafter, the "FCB Card").

37. Prior to December 11, 2006, an application was submitted on behalf of plaintiff requesting issuance to plaintiff of an American Express Corporate Card that resulted in issuance to plaintiff of an American Express Corporate card assigned an account number ending in the digits 62005.

38. Prior to December 11, 2006, plaintiff herein was issued an American Express Corporate Card in connection with his status as an employee, agent, or representative of Foot, Cone, Belding, (hereinafter, "the FCB Card").

39. As part of the process of becoming holder of and subsequently using the FCB Card, plaintiff agreed to be bound by a cardmember agreement with American Express.

40. Pursuant to the terms of that agreement, plaintiff agreed, among other things, to be liable for all charges incurred in connection with his purchase of goods and services and incursion of other charges using the FCB Card.

41. Pursuant to the terms of that agreement, plaintiff also agreed among other things that he would be in default under the terms of the agreement with Amex if he did not pay the bills Amex rendered to him on a monthly basis, in the minimum amount, and within the time frame set forth on the billing statement provided by Amex to the plaintiff each month.

42. Pursuant to the cardmember agreement with Amex, plaintiff in fact received monthly statements from Amex reflecting his charges on a monthly basis.

43. Prior to December 11, 2006, plaintiff refused or otherwise failed to remit charges incurred as a result of his use of the FCB Card and thereby defaulted on his obligations to Amex.

44. The aforesaid FCB Card thereby attained a "past due" status and remains unpaid, due and outstanding to and through the present with an outstanding balance in the amount of Eleven Thousand Seven Hundred Seventy-Seven Dollars and Seventy-Six Cents ($11,777.76).

45. As a result of the plaintiff's default in failing to pay outstanding charges, plaintiff's aforesaid FCB Card was canceled by American Express as permitted under the terms and conditions of the applicable Cardmember Agreement.

46. Pursuant to the terms of plaintiff's agreement with Amex, plaintiff agreed that in the event he was in default of his contractual obligations, Amex had the right to declare the entire unpaid obligation owed to Amex immediately due and payable in full. Additionally, pursuant to plaintiff's agreement with Amex, plaintiff agreed to be liable for interest and fees as well as costs and attorney's fees relative to any legal action Amex was forced to initiate in order to collect any unpaid balances.

47. To date, no part of the aforesaid outstanding balance incurred by reason of use of the FCB Card has been paid although same has been duly demanded

48. As a result of the foregoing, plaintiff owes AmEx Eleven Thousand Seven Hundred Seventy-Seven Dollars and Seventy-Six Cents ($11,777.76), together with interest, and attorneys' fees incurred by AmEx as permitted by the applicable Cardmember Agreement.

49. As a result of plaintiff's failure to make the payments due and owing to Amex in connection with plaintiff's aforesaid FCB Card and account, Amex has been damaged in the amount of Eleven Thousand Seven Hundred Seventy-Seven Dollars and Seventy-Six Cents ($11,777.76), together with interest.

WHEREFORE, defendant AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., respectfully demands judgment in its favor and against plaintiff severing and dismissing each claim and cause of action asserted against it herein, together with judgment in its favor against plaintiff awarding monetary damages against plaintiff Denis Charles Griffith suing herein as Denis C. Griffith in the amount of (1) Eighteen Thousand Five Hundred Four Dollars and

Eighty-Nine Cents ($18,504.89) on defendant's First Counterclaim; (2) Eleven Thousand Seven Hundred Seventy-Seven Dollars and Seventy-Six Cents ($11,777.76) on defendant's Second Counterclaim; (3) pre-judgment and continuing interest thereon; and further awarding to Amex its fees, costs, and disbursements, including reasonable attorneys' fees, together with such other, further and different relief as the Court deems just and proper.

Dated: New York, NY
       January 19, 2007

                                  GOLDBERG & ASSOCIATES
                                  By:   /s/
                                      William H. Grae, Esq. (WG8689)
                                  Attorneys for Defendant
                                  AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., i/s/h/a "American Express"
                                  39 Broadway, 17th Floor
                                  New York, NY 10006
                                  (212) 968-2300
                                  Wgrae@g-alaw.com

TO:

DENIS C. GRIFFITH
Plaintiff *Pro Se*
459 Columbus Ave #136
New York, NY 10024
(646) 643-9572
(435) 608-3225 (Facsimile)